**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Laura M. Cervantes, ) | |
| ) | C.A. No. : 0:12-cv-02966-CMC |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | GRANTING MOTION TO |
| ) | DISMISS |
| Wells Fargo Bank, N.A., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Dkt. No. 4. Plaintiff's Complaint alleges one cause of action for wrongful termination in violation of public policy. The court has jurisdiction under 28 U.S.C. § 1332(a)(1). For the reasons stated below, Defendant's motion is granted.

**BACKGROUND**

Plaintiff alleges she was employed by Wells Fargo and its predecessor companies for approximately 25 years. Dkt. No. 1-1 at ¶ 1 (Compl.). Plaintiff was last employed by Defendant in Fort Mill, South Carolina.[1] *Id*. ¶ 2. Prior to Plaintiff's employment with Defendant and its predecessors, Plaintiff was convicted in 1986 of a misdemeanor in Wisconsin, which was "duly expunged in Wisconsin." *Id*. ¶ 7. In 1995, Plaintiff was also convicted of a misdemeanor.[2] *Id*. ¶ 5. In 2006, Wells Fargo acquired her employer, Washington Mutual. *Id*. ¶ 5. Although Plaintiff did not report either conviction when she was officially hired by Wells Fargo in 2006, Wells Fargo

---

[1] Plaintiff was first employed by Defendant's predecessor in Wisconsin. Compl. ¶ 2.

[2] Plaintiff does not allege in which state she was convicted in 1995. Plaintiff does not allege that this conviction was expunged.

learned of Plaintiff's 1995 conviction after conducting a background check.[3]  *Id.*  Based on Wells Fargo's policy that requires applicants for employment to disclose criminal matters less than ten years old, and Plaintiff's explanation of the conviction, Plaintiff alleges that she was eligible for employment with Wells Fargo despite her 1995 conviction.  *Id.*

In 2012, Plaintiff underwent a fingerprint-based criminal background check.[4]  *Id.* ¶ 7.  This background check revealed her 1986 conviction.  *Id.*  Plaintiff alleges that in February 2012, Wells Fargo terminated Plaintiff by telephone, claiming that it was because of her 1995 conviction.  *Id.* ¶ 8.  Plaintiff alleges that Wells Fargo later amended its reason for her termination, claiming that it was because of her 1986 expunged conviction.  *Id.*

Plaintiff filed this action in state court on July 25, 2012.  Dkt. No. 1-1 at 2.  This action was removed on October 12, 2012, a month after Wells Fargo was served a copy of the Summons and Complaint.  Dkt. No. 1.  Plaintiff alleges one cause of action:  wrongful termination in violation of the public policy of South Carolina.  Compl. ¶¶ 10-13.

## STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claim that entitles her to relief.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw]

---

[3] Plaintiff alleges that Wells Fargo conducted background checks for all employees when it acquired Washington Mutual.  Compl. ¶ 5.

[4] Plaintiff does not explain the reason for the background check in 2012.

from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302).

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition Plaintiff need not forecast *evidence* sufficient to prove the elements of a claim, but must allege sufficient *facts* to establish those elements).

## DISCUSSION

Under South Carolina law, employment relationships are generally at will. *Prescott v. Farmers Tel. Coop., Inc.*, 516 S.E.2d 923, 925 (S.C. 1999). "[A]n at-will employee may be terminated at any time for any reason or no reason, with or without cause." *Stiles v. American Gen. Life Ins. Co.*, 516 S.E.2d 449, 450 (S.C. 1999). South Carolina recognizes several exceptions to this general rule, including when an employer terminates an employee for a reason that violates a clear

mandate of public policy. *Ludwick v. The Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985). "The determination of what constitutes public policy is a question of law for the courts to decide." *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 638 (S.C. 2011). "The public policy exception clearly applies in cases where either: (1) the employer requires the employee to violate the law, or (2) the reason for the employee's termination itself is a violation of criminal law." *Id.* at 637. However, "the public policy exception is not limited to these situations." *Id.*

Defendant argues that the case should be dismissed because Plaintiff's Complaint fails to state a claim for wrongful termination in violation of public policy. Specifically, Defendant argues that Plaintiff has "not identified the clear mandate [of public policy] allegedly violated and, nonetheless, the alleged basis for Plaintiff's termination is not prohibited by any clear mandate of public policy established [by] statute or otherwise." Dkt. No. 4 at 4. Plaintiff contends that

> . . . because Wells Fargo ultimately terminated her employment because of her expunged criminal misdemeanor, the Defendant violated the public policy of this state. The fact that the Defendant based the Plaintiff's termination upon an expunged record that was outside its own policy reporting requirements goes against the grain of the South Carolina expungement statute's purpose; therefore, the Plaintiff alleges facts upon which relief may be granted against the Defendant. To hold otherwise renders the expungement statute worthless.

Dkt. No. 5 at 3-4. In her Complaint, Plaintiff points to both South Carolina and Wisconsin's expungement statutes as evidence of the public policy allegedly violated by Defendant.

Plaintiff argues that it is inappropriate for the court to determine on a motion to dismiss the novel issue of whether terminating an employer for an expunged misdemeanor constitutes a violation of public policy. First, as noted above, "[t]he determination of what constitutes public policy is a question of law for the courts to decide." *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 638 (S.C. 2011). Second, Plaintiff has offered no reason as to why factual development would assist the

court in deciding this issue. The court, therefore, finds it appropriate to determine this issue on a motion to dismiss.

Plaintiff suggests that Wells Fargo violated its own policy when it terminated Plaintiff. According to Plaintiff, Wells Fargo has a policy that requires applicants "to disclose criminal issues" less than ten years old. Compl. ¶ 7. To the extent Plaintiff argues that Defendant's alleged violation of company policy constitutes wrongful termination in violation of public policy, the court rejects that argument. Plaintiff has cited no authority, and the court is unaware of any, that extends the claim for wrongful discharge in violation of public policy to violation of company policy.

Finally, Plaintiff's claim does not fit within the recognized bounds of wrongful termination in violation of public policy. Plaintiff does not allege that Defendant required her to violate the law, or that Defendant's termination of Plaintiff was a violation of criminal law. Rather, Plaintiff alleges that the purpose of South Carolina's expungement statute is "thwarted" if Defendant "is allowed to consider the Plaintiff's conviction." Dkt. No. 5 at 6. Plaintiff has not cited any South Carolina statute that criminalizes or prohibits employers from considering expunged convictions in employment decisions. Neither has Plaintiff cited any legislative history of South Carolina's expungement statute that supports her position that the purpose of the "expungement statute" is "to allow a convicted person to live free from the stigma associated with such a conviction."[5] Finally,

---

[5] In fact, Plaintiff does not even cite South Carolina's "expungement statute." As evidence of South Carolina's policy concerning expungement, Plaintiff cites to the definition of "expunge" and "expungement of record" contained in Black's Law Dictionary. Dkt. No. 5 at 6. *Cf.* Dkt. No. 4 at 5 (Def's Mot. Dismiss) (citing various South Carolina statutes involving expungement, and noting that none proscribe an employer's consideration of expunged convictions).

The court also notes that the 1986 conviction was allegedly expunged in Wisconsin. Plaintiff makes no attempt to compare the legislative purpose of South Carolina and Wisconsin's "expungement statutes."

5

Plaintiff has cited no case law in which courts have recognized a claim for wrongful termination in violation of public policy beyond the situations described above.[6]

Although the court recognizes that wrongful termination is not limited to situations where an employee was terminated for refusing to violate the law or where the termination was itself a violation of criminal law, *see Baron*, 713 S.E.2d at 637, Plaintiff has failed to state a claim for wrongful termination in violation of public policy.[7]

---

[6] Plaintiff cites to three cases to support her position that she need not allege that Defendant required her to violate the law or that she was terminated in violation of criminal law to survive a motion to dismiss: *Culler v. Blue Ridge Electric Coop., Inc.*, 422 S.E.2d 90 (S.C. 1992); *Keiger v. Citgo, Coastal Petroleum, Inc.*, 482 S.E.2d 792 (S.C. Ct. App. 1987); *Nolte v. Gibbs Int'l*, 515 S.E.2d 101 (S.C. Ct. App. 1998).

Two of the cases cited by Plaintiff, however, involve a violation of a criminal law. In *Culler*, the court held that it was a violation of a criminal statute to fire an employee for her political beliefs. 422 S.E.2d at 92-93 (citing S.C. Code Ann. § 16-17-560). In *Nolte*, the plaintiff alleged he was fired for refusing to violate several state and federal criminal laws. 515 S.E.2d at 103.

*Keiger* is also distinguishable. In *Keiger*, the court reversed the grant of a motion to dismiss a wrongful termination claim where plaintiff was allegedly fired for threatening to make a complaint of a violation of the Payment of Wages Act. 482 S.E.2d at 794. The court explained that it was unclear whether "the statute itself, which was designed to protect working people and assist them in collecting wrongfully withheld compensation, [] constitutes a legislative declaration of public policy." *Id. Keiger* was decided before the South Carolina Supreme Court clarified in *Barron*, 713 S.E.2d at 638, that the question of what constitutes public policy is one of law, and not a question of fact submitted to the jury.

[7] Plaintiff attempts to rely, in part, on the Federal Deposit Insurance Act in her brief. As explained by Plaintiff, "Section 19 of the Federal Deposit Insurance Act ('FDIA') prohibits a bank, like the Defendant, from employing a person who has been convicted of a crime involving dishonesty or breach of trust. 12 U.S.C. § 1829." Dkt. No. 5 at 6. Plaintiff also explains that she could have applied for a waiver if necessary to obtain employment with a bank. *Id.* at 7. Plaintiff contends that her expunged conviction should never have been accessed by her employer through a background check, and should not, therefore, have been considered by Defendant. *Id.* Although it may be true that Wisconsin did not complete all steps necessary to expunge her record, Plaintiff fails to connect the FDIA to her claim for wrongful termination in violation of public policy.

6

## CONCLUSION

For the reasons set forth above, the court grants Defendant's motion to dismiss.

**IT IS SO ORDERED.**

                                                S/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 9, 2013