**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Laura M. Cervantes, ) | |
| ) | C.A. No. : 0:12-cv-02966-CMC |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | DENYING PLAINTIFF'S MOTION |
| ) | TO RECONSIDER |
| Wells Fargo Bank, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's motion to reconsider the court's order granting Defendant's motion to dismiss Plaintiff's complaint. Dkt. No. 11. Plaintiff seeks relief pursuant to Rule 59(e), Federal Rules of Civil Procedure.

Rule 59 motions to alter or amend a judgment are disfavored. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

As explained in more detail in the court's order granting Defendant's motion to dismiss, Plaintiff alleges she was terminated in violation of South Carolina's public policy, after her employer discovered an expunged conviction. The court dismissed Plaintiff's complaint because she failed to identify any public policy of South Carolina that was violated as a result of her termination.[1]

---

[1] Plaintiff cited Black's Law Dictionary for the definition of "expunge." Plaintiff cited no South Carolina statute or case law supporting her position that South Carolina has a policy

Plaintiff asks the court to reconsider its dismissal because (1) "Plaintiff's claim that her expungement was the reason for her termination amounts to a wrongful termination;" and (2) "Plaintiff is unable to cite to South Carolina legislative history because the South Carolina Legislature does not maintain such history for the laws it enacts." Dkt. No. 11 at 1.

On motion to reconsider, Plaintiff cites the following statute, which she claims supports her position:

> After the expungement, the South Carolina Law Enforcement Division [SLED] is required to keep a nonpublic record of the offense and the date of the expungement to ensure that no person takes advantage of the rights of this section more than once. This nonpublic record is not subject to release under Section 34-11-95, the Freedom of Information Act [FOIA], or any other provision of law except to those authorized law or court officials who need to know this information in order to prevent the rights afforded by this section from being taken advantage of more than once.

S.C. Code Ann. § 22-5-910(C). Plaintiff then argues that "[t]he South Carolina expungement statute is clear in mandating that expunged records are not to be released to be certain that a person with an expunged record is not taken advantage of because he or she has an expunged record." *Id.* The court disagrees with Plaintiff's reading of the statute and finds that this subsection requires that SLED maintain a nonpublic record of an expunged offense to ensure that a person does not seek an expungement more than once, *i.e.*, "take[] advantage of the rights of this section more than once." *See* S.C. Code Ann. § 22-5-910(B) ("No person may have his records expunged under this section more than once."). The second sentence explains that SLED's nonpublic record of an expungement shall not be released to the public, under FOIA or otherwise. There is an exception for release to law or court officials to prevent someone from taking advantage of expungement more than once. A plain reading of this subsection does not reflect a purpose of protecting a person with an expunged

---

prohibiting employers from considering an employee's expunged convictions.

record from being taken advantage of, but rather preventing persons from taking advantage of this expungement statute.[2]

Plaintiff does not suggest any change in controlling law. Neither does she direct the court to any clear error of law or fact which would result in manifest injustice. The court, therefore, finds no basis on which to modify its earlier ruling. Plaintiff's motion to reconsider is denied.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 20, 2013

---

[2] The court has also reviewed the statutes cited by Defendant in its motion to dismiss which deal with expungement of criminal records. *See* Dkt. No. 4 at 5. None of these statutes dictate how private employers are to consider expunged criminal convictions.